**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 06-CV-00788-REB-MEH

DONALD A. SYDNEY,

      Plaintiff,

v.

CONMED ELECTROSURGERY, d/b/a ASPEN LABORATORIES, INC.,
RODNEY DAVIS, DAVE REED AND RON SHORES,

      Defendants.

---

**PROTECTIVE ORDER**

---

This cause coming before the Court on the parties' Joint Motion for a Protective Order and the Court finding that a protective order is appropriate, IT IS HEREBY ORDERED:

1.     This Protective Order regarding Confidentiality shall govern the designation and handling of confidential documents and information during the course of this litigation, however produced, disclosed, or made available, by any party or nonparty person or entity.

2.     The term "Discovery Material" means all information including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information, produced, disclosed, or made available in this litigation by any party or by any non-party.

3.      Any person may designate ("Designating Party") any Discovery Material

"Confidential" under this Order if said person in good faith believes that said Discovery Material

contains any trade secret, confidential commercial or financial information, or confidential

personal information ("Confidential Information").  Confidential Information also includes any

document or other item describing or substantively referring to Discovery Material designated

"Confidential."  Discovery Material designated "Confidential" hereunder is also often referred

herein as "Designated Material."

4.      A party or non-party that in good faith asserts confidential treatment of any

document that said person is producing, disclosing, or making available shall designate such

confidentiality at the time of production by placing on or affixing (in such manner as will not

interfere with the legibility thereof) the designation "CONFIDENTIAL" or "CONFIDENTIAL

PER COURT ORDER" in a location that makes designation readily apparent.  Any information

or data that has not been reduced to documentary form may be designated as

"CONFIDENTIAL" by informing counsel for the parties in writing that it is Confidential

Information.  If a party discovers that, despite its good faith effort to designate Confidential

Information prior to production, certain documents or materials were not properly designated,

the producing or designating party shall immediately give written notice thereof and identify the

documents or materials it is designating as "CONFIDENTIAL."

5.      A party that in good faith asserts confidential treatment for Discovery Material

produced, disclosed or made available by another party or non-party shall give prompt, written

notification of such designation, reasonably specifying the particular Discovery Material so

designated.

6.      Any deposition testimony containing Confidential Information shall be designated on the record at the deposition as confidential and any such recording of that part of the deposition shall be handled as Confidential Information per the terms of this Order.

7.      Confidential Information may be referred to in discovery, discovery responses, motions, briefs, or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action.  Confidential Information and any brief or other document that incorporates or discloses the substance of Confidential Information shall be filed under seal pursuant to D.C.Colo.LCivR 7.3 and shall be accompanied by a motion to seal filed pursuant to D.C.Colo.LCivR 7.2.

8.      A party may object ("OBJECTING PARTY") to the designation of particular Confidential Information by giving written notice to the Designating Party.  The written notice shall identify the specific information to which the objection is made.  If the parties cannot resolve the objection within (10) business days after the time the written notice of objection is received, the OBJECTING PARTY may at any time thereafter file an appropriate and timely motion requesting that the Court determine whether the disputed information is appropriately Confidential Information within the terms of this Protective Order.  If such a motion is filed, the disputed information shall continue to be treated as Confidential Information while the motion is pending. In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as it has been designated.

9.      Except as expressly allowed herein, Confidential Information shall be disclosed only to: (a) the parties of record; (b) the counsel of record for the parties and their associated

attorneys, paralegal, clerical, and secretarial employees engaged in the conduct of this action; (c)

any person retained to assist in the preparation or trial of this action (including consultants and/or

experts and their immediate assistants engaged in the conduct of this action), provided such

person has signed an undertaking in the form annexed hereto as Exhibit A; and (d) the Court and

Court personnel, including stenographic reporters.

10.     In addition, a witness at deposition may see Confidential Information for

purposes of his or her deposition examination if (a) the witness authored or previously saw it; (b)

it was within the possession, custody or control of the witness; (c) the witness is or was an

employee, officer, member, partner, director, or owner of the entity that produced said

Confidential Information; or (d) said Confidential Information is disclosed to the witness at

deposition by counsel for the party who designated it.  Otherwise, Confidential Information may

be used at deposition with a witness if the party wishing to use such Confidential Information

received authorization to use the information at or prior to the deposition or counsel for the

examining party believes that disclosure of such information at deposition is reasonably

necessary for the witness to give testimony.  However, witnesses who are shown, or to whom

disclosure is made of Confidential Information shall not be allowed to retain copies of the

Confidential Information.

11.     At the time that any consultant, expert or other person retained to assist a party in

the preparation of this action concludes his participation in the action, such person shall

promptly return to the party retaining him or her all copies of documents or portions thereof

containing or substantively describing the Confidential Information that is in the possession of

such person.  At the conclusion of this action, any party that received the Confidential

Information pursuant to this Order shall promptly either destroy or return any and all Confidential Information.

12.     Confidential Information may be used solely for the purposes of this litigation. All Confidential Information shall be controlled and maintained in a manner that precludes access by any persons not entitled to access under the terms of this Order.

13.     Unless and until otherwise ordered by the Court, or agreed to in writing by the parties, all material designated "CONFIDENTIAL" or "CONFIDENTIAL PER COURT ORDER" shall be treated as confidential and shall not be disclosed except under the terms of this Order.

14.     If documents designated "CONFIDENTIAL" or "CONFIDENTIAL PER COURT ORDER" in this action are called for in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall promptly give written notice thereof to each person that has designated the information "CONFIDENTIAL" or "CONFIDENTIAL PER COURT ORDER" and shall not produce the documents until the earlier of five business days after providing notice or the return date of the subpoena or other process.  Unless a court orders otherwise, the person to whom the subpoena is directed shall not produce any Confidential Information until the person seeking to maintain confidentiality has had an opportunity to seek an appropriate order.

15.     A person may disclose Confidential Information it has designated as such and produced in this action to any person, with or without any conditions to such disclosure as it deems appropriate.  However, such disclosure may cause the document or information so produced to lose its "CONFIDENTIAL" designation and the protections of this Order if

disclosure is not made in a manner reasonably calculated to maintain the confidentiality of the information.

16.    Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

17.    The handling of Confidential Information at trial shall be addressed at the final pretrial conference or such other time before trial as the Court may direct.

18.    This Order shall remain in force and effect until modified, superseded or terminated by order of the Court.  The provisions of this Order shall continue to be binding upon conclusion of this action, including any appeals.  The Court shall retain jurisdiction over the parties and all persons who agree to be bound by this Order for the purpose of enforcement of the provisions of this Order following the conclusions of this action.

19.    The Court retains jurisdiction to make such amendments, modifications and additions to this Order as it may from time to time deem appropriate or may consider upon motion of any party.  Nothing in this Order shall prevent any person or entity which produces documents or information in this litigation from seeking to obtain a further or different protective order that governs its production of documents or information either by stipulation with the parties or by the Court.

Dated at Denver, Colorado, this 17th day of January, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

6

**PROTECTIVE ORDER AGREED AS TO FORM:**


s/ Glenn F. Younger                                                    s/ John A. DeSisto
Glenn F. Younger                                          John A. DeSisto
309 Seventeenth Avenue, Suite 200            Jayme Moss
Denver, Colorado 80203                           Featherstone Petrie DeSisto LLP
Telephone:  (303) 894-8408                        600 17th Street, Suite 2400S
                                                             Denver, CO 80202-5424
Attorney for Plaintiff                                 Telephone:  (303) 626-7100
                                                             Facsimile:  (303) 626-7101

                                                             Attorneys for Defendants

<u>**EXHIBIT A**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-00788-REB-MEH

DONALD A. SYDNEY

        Plaintiff,

v.

CONMED ELECTROSURGERY, d/b/a ASPEN LABORATORIES, INC.,
RODNEY DAVIS, DAVE REED AND RON SHORES,

        Defendants.

_____

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

_____

I, _____, being duly sworn, state that:

        My current employer is _____.

        My business address is _____.

        My business telephone is _____.

        My current occupation is _____.

    1. I have received a copy of the Protective Order in this action, a copy of which is attached hereto. I have carefully read and understand the Protective Order, and agree to comply with its provisions.

1

2.   I will hold any Designated Material disclosed to me in confidence, and will not disclose such material to anyone not qualified to receive such material under the Protective Order, and will use such material only for purposes set forth in the Protective Order.

3.   Promptly upon termination of this action, I will return all Designated Material which came into my possession, and all documents or things that I have prepared which contain, reflect or are based on such Designated Material or the information contained therein, to counsel disclosing such materials to me.

4.   I hereby submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Protective Order and this Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Signature                                                      Date

2